# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Wardell Andrewin,            Civil No. 08-5866 (DWF/JSM)

           Plaintiff,

v.            **MEMORANDUM OPINION AND ORDER**

Reena Abraham,

           Defendant.

---

Wardell Andrewin, *Pro Se*, Plaintiff.

Sarah A. McGee, Assistant Attorney General, Minnesota Attorney General's Office, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Janie S. Mayeron dated September 28, 2009, recommending that Defendant's motion for summary judgment (Doc. No. 10) be granted. This Court agrees with the Magistrate Judge's conclusion that Plaintiff's Complaint amounts only to a simple negligence claim that does not rise to a Section 1983 action. But for the reasons stated below and based on the Court's *de novo* review of the record, this Court denies Defendant's motion as moot and dismisses the action *sua sponte* under 28 U.S.C. § 1915(e) for failure to state a claim on which relief may be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Wardell Andrewin was confined at the Minnesota Correctional Facility in Stillwater, MN (MCF-Stillwater) on January 5, 2008, when prison staff conducted a unit-wide cell search. Pursuant to its regular procedure, the staff removed the inmates from their cells and secured them elsewhere. Plaintiff was handcuffed to a railing near the top of a stairwell. Having become restless and tired, he attempted to sit down, but slipped and fell down the stairs, incurring physical injuries as a result.

Plaintiff filed the present Section 1983 action against Defendant Reena Abraham, the MCF-Stillwater Program Director, alleging negligence and seeking damages for pain and suffering. (Doc. No. 1 (Complaint).) Plaintiff was granted the right to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. No. 3.) Defendant now moves to dismiss, arguing (among other things) that (1) a Section 1983 claim may not be premised on Plaintiff's allegations of mere negligence, and (2) Defendant is entitled to qualified immunity. (Doc. No. 12.)

## DISCUSSION

### I. Dismissal Standard

Defendant's motion requests "an order dismissing the Complaint" but does so purportedly "pursuant to" Rule 56 governing summary judgments. (Doc. No. 10.) This is presumably due to the fact that Defendant already filed an Answer (Doc. No. 5) and the Court entered a Pretrial Scheduling Order (Doc. No. 6).

Nevertheless, because Plaintiff is proceeding *in forma pauperis*, this Court is obligated to dismiss the case if it determines that the action is "frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). More importantly, an *in forma pauperis* proceeding "shall" be dismissed on such grounds "at any time." *Id.* § 1915(e)(2).[1]

"The standards governing dismissals under Rule 12(b)(6) apply to § 1915(E)(2)(B)(ii)." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). On a motion to dismiss under Rule 12(b)(6), this Court generally "must accept as true all of the factual allegations" of Plaintiff's Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, because Plaintiff is proceeding *pro se*, the Court must construe his allegations "liberally" and "'a *pro se* complaint, however inartfully pleaded, must be held to less

---

[1] The Court notes that Plaintiff is seeking redress from a governmental officer for injuries allegedly incurred while a prisoner. (Doc. No. 1.) If Plaintiff had filed this action while still a prisoner, there would be additional bases for dismissal for failure to state a claim. 28 U.S.C. § 1915A(b)(1) (providing for dismissal on similar grounds of civil action by prisoner against governmental official). *Accord* 42 U.S.C. § 1997e(c) (requiring court to dismiss action brought by prisoner "with respect to prison conditions under section 1983" if action "fails to state a claim upon which relief can be granted"). But here the action apparently was filed after Plaintiff was released. (*See* Doc. No. 4 (indicating Plaintiff's address at what appears to be a private residence, not a Minnesota correctional facility).) In such circumstances, Section 1915A does not apply. *See, e.g.*, *Johnson v. Hill*, 965 F. Supp. 1487, 1488 n.2 (E.D. Va. 1997) (finding that although plaintiff was no longer in custody when court addressed issues, Section 1915A still applied because he was still a prisoner at the time he filed the action and he brought the action regarding alleged misconduct by prison officials). But this Court need not resolve this issue because it is clear that Section 1915, governing IFP litigants, applies regardless of Plaintiff's prisoner status and provides a sufficient independent basis for dismissal. *E.g.*, *Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (noting that 1996 amendments did not restrict Section 1915 to actions brought only by prisoners).

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal citation omitted).

Here, the relief requested by Defendant is dismissal and the stated bases for such relief are essentially collateral to the merits. Defendant's motion is based, in part, on the ground that Plaintiff's allegations of mere negligence do not rise to the level of constitutional injury required under Section 1983. (Doc. No. 12, at 7-8.)[2] Here, that issue can be decided on the allegations stated in Plaintiff's Complaint, without the benefit of any discovery or recourse to any materials beyond Plaintiff's Complaint.[3] Such an issue is thus an appropriate basis for a motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted. *E.g.*, *Jensen v. Pennington County Police Dept.*,

---

[2] One of the other stated grounds for dismissal is qualified immunity. (Doc. No. 12 at 11-13.) The affirmative defense of such immunity is intended to provide "immunity from suit," including the burdens of discovery–not just "a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus the issue could properly be heard on a motion under Rule 12(b). *E.g.*, *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987) (noting issue "should be resolved at the earliest possible stage of a litigation"). This perhaps also suggests that a court should address such a defense first before other issues that might subject public officials to the unnecessary burdens of litigation. *See Pearson v. Callahan*, ___ U.S. ___, 129 S. Ct. 808, 818 (2009). But here, the issue of whether claims of mere negligence support constitutional injury is dispositive and can be decided on the basis of Plaintiff's Complaint, thereby imposing no litigation burden on Defendant, who has already briefed the Section 1983 issue in addition to briefing the question of qualified immunity.

[3] Moreover, this Court will of course assume that the conduct of the prison officials in handcuffing inmates to stairwell railings could constitute negligence and will ignore any suggestion that Plaintiff's own negligence in attempting to sit on a stairwell while handcuffed to the railing was the cause of his injuries.

2009 WL 1475037 (D.S.D. May 22, 2009). Accordingly, Defendant's motion for summary judgment under Rule 56 will be denied as moot.

## II.     Section 1983 and Negligence Claims

Plaintiff's Complaint generally alleges that he slipped and fell on a stairwell while attempting to sit down while he was handcuffed to the railing. (Doc. No. 1 at 4.) Plaintiff mainly states that he simply fell, but also suggests that he fell because the stairs were wet and also that he "got caught" on something. (*Id.* at 7, 10, 11 & 12.) But regardless of the slight variations in the description of his accident and injury, such allegations rise at most to simple negligence.

"[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original). The "mere lack of due care by a state official" does not amount to any actionable loss under the Fourteenth Amendment. *Id.* at 330-31. Thus an action seeking damages for physical injuries incurred while an inmate was in prison does not rise to the level of constitutional injury where the Complaint discloses only negligence.

Here, Plaintiff's Complaint does not support any claim of "*deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Id.* at 331 (emphasis in original). "Far from an abuse of power, lack of due care suggests no more

5

than a failure to measure up to the conduct of a reasonable person," and thus such conduct is not a deprivation under the Fourteenth Amendment. *Id.* at 332.[4]

Accordingly, Defendant is entitled to dismissal of Plaintiff's Section 1983 claim. Moreover, there is no basis to dismiss with leave to amend because the dismissal is not based on his failure to plead a claim adequately. In fact, his simple claim is well pled for a *pro se* litigant and his allegations are not "frivolous" in the sense of being "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Rather, the dismissal is based on the fact that his claim–indisputably one for simple negligence–cannot amount to a constitutional injury cognizable under Section 1983 regardless of how well such a claim might be pled.

### III. Supplemental Jurisdiction and State-Law Claims

Finally, Defendant argues that this Court should also exercise its discretion under 28 U.S.C. § 1367(c) and refrain from retaining Plaintiff's state-law claims. (Doc. No. 12 at 13-14.) Plaintiff's Complaint neither expressly states nor otherwise discloses,

---

[4] By addressing the question in terms of whether Section 1983 is the appropriate avenue to seek relief–and by deciding that there is no constitutional claim–this Court of course makes no conclusion as to whether Plaintiff could recover via any other avenue. *See id.* at 333 (noting that state tort claim statutes reflect the view that simple negligence by state officials should generally be redressed). Such a dismissal under Rule 12(b) is without prejudice and thus does not trigger claim preclusion on the merits of Plaintiff's claim. *See* 10A Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2713 (3d ed. 1998) (explaining difference in terms of preclusive effect between a Rule 12(b) dismissal and a summary judgment).

however, any separate state-law claims.[5]  But even if this Court could discern such claims, it would decline to exercise its supplemental jurisdiction over them because it has dismissed the only claim over which it had original jurisdiction based on the face of the Complaint.  28 U.S.C. § 1367(c)(3).

## CONCLUSION

Plaintiff's allegations amount to only a claim for simple negligence and, as such, do not support the necessary constitutional injury so as to be redressable under Section 1983.

Based on the Report and Recommendation of the Magistrate Judge, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion for summary judgment (Doc. No. 10) is **DENIED AS MOOT**;

2. Under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's action is **DISMISSED** for failure to state a claim on which relief may be granted; and

---

[5] The form Complaint Plaintiff used provides three options to identify his claim, expressly directing the claimant to choose only one:  (1) a Section 1983 claim against state, county, or municipal defendants, (2) a *Bivens* action against federal officials, and (3) a third option labelled only "Other" and requesting identification of a relevant statute. (Doc. No. 1 at 1.)  Although such a form might not provide a plaintiff who is proceeding *pro se* with sufficient means to raise state law claims in addition to a federal claim, here it is clear that there could be only one claim stated on the present facts, a claim for simple negligence that does not support any federal claim of constitutional injury.  If the Court would construe Plaintiff's present claim as one for simple negligence under state law, there would be no federal question for purposes of subject matter jurisdiction.

3. Under 28 U.S.C. § 1367(c), this Court declines to exercise any supplemental jurisdiction over any implied state-law claims.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 23, 2009
s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge